# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL DEJONG WARDELL    *
                          *
v.                        *    Civil Case No. 14-96-JFM
                          *
CAROLYN W. COLVIN         *
                          *
                    *************

## MEMORANDUM OPINION

Pending before the Court are the parties' Cross-Motions for Summary Judgment. (Docket Nos. 10 and 13). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 12 and 14). Plaintiff also has filed a Statement of Material Facts and a Reply. (Docket Nos. 11 and 15). After careful consideration of each of those submissions, I am granting Defendant's Motion for Summary Judgment (Docket No. 13) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 10).

### I. BACKGROUND

On July 7, 2010, Plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[1] (R. 157-63). In his application, he alleged a disability onset date of December 31, 2007. *Id.* An Administrative Law Judge ("ALJ") held a hearing on May 23, 2012. (R. 28-63). Plaintiff appeared at the hearing with counsel, and testified on his own behalf. (R. 28-57). A vocational expert ("VE") also testified at the hearing, in response to hypothetical questions posed by the ALJ. (R. 57-61). In a decision dated June 29, 2012, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, and that Plaintiff was therefore not disabled under the Act. (R. 10-23). The Appeals Council denied Plaintiff's request for review, (R. 1-5), making the ALJ's opinion

---

[1] Plaintiff had already been denied disability benefits following several prior applications. (R. 10, 67).

the final, reviewable decision of the Commissioner. Plaintiff then filed this action. (Docket No. 1).

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

In Social Security appeals, this Court determines whether substantial evidence exists in the record to support the Commissioner's decision. *See Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (*quoting Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). This Court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *See Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). If the ALJ's findings of fact are supported by substantial evidence, this Court must uphold the ALJ's decision even if this Court would have decided the factual inquiry differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). This Court must review the record as a whole in determining whether the ALJ's findings are supported by substantial evidence. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a claimant must demonstrate that he or she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 1382c(a)(3)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

Each ALJ employs a five-step sequential analysis when evaluating a claim of disability. *See* 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20

C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the burden through the first four steps of the sequential evaluation, including the burden of establishing an inability to perform past relevant work. *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). If the claimant fulfills this burden, the Commissioner bears the burden of proof at step five to show that the claimant is capable of other substantial gainful activity. *Id.*

After reviewing the entire record, this Court may affirm, modify, or reverse the ALJ's decision. *See Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

### B. WHETHER THE COMMISSIONER ERRED BY FAILING TO FILE A COMPLETE TRANSCRIPT

Plaintiff contends that the ALJ relied on an incomplete transcript because the transcript did not contain the cognitive testing performed by Byron Hillin, Ph.D. Dr. Hillin had evaluated Plaintiff, in 2006, in conjunction with one of Plaintiff's previous applications for disability benefits. The reviewing medical consultant in this case, D. Mangold, reviewed and used Dr. Hillin's report in formulating his own opinion. (R. 300). However, while the ALJ in this case relied on Dr. Mangold's assessment and gave it "some weight," (R. 21), there is no evidence that the ALJ either procured or reviewed Dr. Hillin's 2006 report.

As Plaintiff notes:

> The Act mandates that the Commissioner "shall file a certified copy of the transcript of record including the evidence upon which the findings and decision complained of are based." *See Stogish v. Astrue*, 2008 WL 5263350 *15 (W.D. Pa. 2008) (citing 42 U.S.C. § 405(g)) . . . . If a court is unable to engage in meaningful or informed judicial review due to an incomplete administrative record, the court has the authority to remand the case. *See Id. (citing Harrison v. PPG Industries, Inc.*, 446 U.S. 578, 594, 100 (1980)). Remand, however, is not

3

> an automatic requirement provided that the transcript, albeit incomplete, contains
> ample evidence to provide for meaningful review.

Pl.'s Br. 5 (Docket No. 12). In this case, the transcript contains ample evidence to permit informed judicial review of the ALJ's RFC assessment, even without Dr. Hillin's report.

Plaintiff's primary contention is that, as to his cognitive issues, the ALJ relied "nearly exclusively" on Dr. Mangold's opinion, which was derived from Dr. Hillin's report. Pl.'s Br. 3 (Docket No. 12). That position lacks merit. The ALJ also referenced that Plaintiff had obtained his GED and is able to drive, use public transportation, and be independent with personal care. (R. 19). The ALJ cited extensively to the records of visits with Dr. DeJohn, which consistently reflected that Plaintiff's cognitive testing was "grossly intact." *See, e.g.,* (R. 18, 310-19, 324, 389, 390). Moreover, at the hearing before the ALJ, Plaintiff testified that he is capable of "basic reading and, and math, you know, smaller or average-sized words, counting change, adding and subtracting." (R. 38). Finally, the residual functional capacity ("RFC") assessment assigned by the ALJ accommodated Plaintiff's cognitive impairments by eliminating "jobs involving anything more than very rudimentary math and reading skills" and limiting Plaintiff to "jobs involving no more than simple, routine, repetitive tasks" with "no complex decision making." (R. 15).

The record therefore reflects that the ALJ had substantial evidence, even setting aside Dr. Mangold's report, to support the RFC assessment as to Plaintiff's cognitive abilities. There is therefore no basis to remand the case for inclusion of the records from Dr. Hillin.[2]

Plaintiff further contends that the ALJ should have ordered a consultative intelligence examination. The decision whether to order a consultative examination rests within the sound

---

[2] I further note that Plaintiff's attorney was asked at the hearing before the ALJ whether there was any evidence missing from the record, and did not mention the need to obtain Dr. Hillin's report. (R. 32-33). Dr. Mangold's opinion was already part of the record at that time. *Id.* Had Plaintiff desired the inclusion of Dr. Hillin's report, it could have been easily obtained from the prior file.

4

discretion of the ALJ. *See Thompson v. Halter*, 45 F. App'x. 146, 149 (3d Cir. 2002); 20 C.F.R. § 416.917. An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Thompson*, 45 F. App'x. at 149. As noted above, the ALJ had sufficient other evidence in the record to make the disability decision without ordering a consultative examination.

### C. WHETHER THE ALJ ERRED BY ASSIGNING "LITTLE WEIGHT" TO THE OPINION OF DR. SANDRA JENSEN

With respect to Plaintiff's mental health limitations, the ALJ determined the following RFC assessment:

> He would be limited to jobs involving no more than simple, routine, repetitive tasks. Work would be performed in a low stress environment, which I define as one involving no high volume productivity requirements and very infrequent unexpected changes. It is a stable and predictable work atmosphere. He would be limited to no complex decision making. He would be limited to jobs involving no more than occasional interaction with the public, coworkers and supervisors.

(R. 15). Plaintiff contends that the ALJ did not assign sufficient weight to the opinion of consultative examiner Sandra Jensen, Ph. D., who believed Plaintiff to be more limited than reflected in the RFC assessment. Pl.'s Br. 6-12 (Docket No. 12).

Dr. Jensen is a consultative examiner, not a treating physician. While there were no opinions from treating physicians in the record, it is clear that the ALJ placed significant weight on the treatment notes from Dr. DeJohn, reflecting "conservative treatment." (R. 18, 20). Dr. DeJohn's regular treatment notes not only reflected "grossly intact" cognitive abilities, but also found Plaintiff's speech, thought process, insight, and judgment to be within normal limits. (R. 310-19, 324, 389, 390). This contradicts Dr. Jensen's assessment, after her one-time examination, that Plaintiff's "expressive language was somewhat inadequate," his thought processes were "confused, irrelevant, circumstantial," and his insight and judgment were "poor."

(R. 279). The ALJ assigned "little weight" to Dr. Jensen's opinion because it was "not supported by the claimant's conservative treatment history including the generally normal mental status examinations." (R. 20). Moreover, as the ALJ noted, Dr. Jensen's opinion is inconsistent with Plaintiff's activities of daily living. *Id.* Accordingly, the assignment of weight is supported by substantial evidence, and remand is unwarranted.

### III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

Dated: September 25, 2014

/s/ J. Frederick Motz
J. Frederick Motz
United States District Judge